

1 CARREA CHRISTOPHER
2 P.O. BOX 741272
3 SAN DIEGO, CALIFORNIA
4     92174
5 PROPRIA PERSONA

EDCV24-00515 CAS-PVC

6

7 **UNITED STATES DISTRICT COURT,**
8 **CENTRAL DISTRICT OF CALIFORNIA, EASTERN**

CARREA CHRISTOPHER, )    CASE NO. ~~2:23-CV-01525~~
9                          )    ~~JDP~~

10 PLAINTIFFS,            )    **CIVIL COMPLAINT**
11 V.                     )    **1. VIOLATION OF CIVIL RIGHTS 42**
12 RIVERSIDE COUNTY ;     )       **U.S.C 1983**&1981 EIGHTH  CLAUSE
13 RIVERSIDE COUNTY,      )       CRUEL AND UNUSUAL PUNISHMENT
14 SHERIFF DEPARTMENT;    )    **2. VIOLATION OF CIVIL RIGHTS 42**
15 RIVERSIDE COUNTY,      )       **U.S.C. 1983 & 1981**  (FOURTEENTH
16 SHERIFF,CHAD BIANCO;   )       AMENDMENT)
   RIVERSIDE COUNTY,      )    **3. VIOLATION OF CIVIL RIGHTS 42**
17 CORONER DEPARTMENT,)           U.S.C 1983, 1981, 1988(CONSPIRACY)
18 OF RIVERSIDE COUNTY; ) **4. VIOLATION OF CIVIL RIGHTS 42**
19 CITY OF HEMET; CITY OF)       U.S.C.A. 1983 &1981 (MUNICIPAL
20 HEMET POLICE DEPT.;   )       LIABILITY-MONELL)
21 HEMET POLICE CHIEF,   )    **5. VIOLATION OF CIVIL RIGHTS 42**
22 MICHAEL ARELLANO; ABEL )      U.S.C. 1983 & 1981(FAILURE TO
23 RIOS;                 )       TRAIN AND SUPERVISE-CANTON)
24 , LT.'S,              )

25     **PAGE ONE**
26

27 CAPTIANS AND STAFF    )    **SUPPLEMENTAL STATE**
28 **OF CDCR LANCASTER**     )    **CLAIMS**

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 1

**FACILITY AND DOES I** )
**THROUGH X** )    6. INTENTIONAL INFLICTION OF
ALL DEFENDANTS ARE )       DISTRESS
**BEING SUED IN BOTH** )    7. CALIFORNIA CIVIL CODE 52
**INDIVIDUAL AND** )    **8. NEGLIGENCE AND BREACH**
**OFFICIAL CAPACITY** )       **OF DUTY ASSAULT AND BATTERY**
**DEFENDANTS.** )    **JURY DEMAND**
_____ )

## PLAINTIFF ALLEGES AS FOLLOWS:

This is a complaint for damages based upon federal civil rights and state constitutional rights violation by the defendants listed above. This case is brought pursuant to 42 U.S.C. 1983, 1981, 1988 and California state Law.  Federal jurisdiction is based upon 28 U.S.C. 1331, 1343 (a)(1-4) . This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a).

## JURISDICTION

1. Plaintiff brings this case pursuant to 42 U.S.C. *1981, 42 U.S.C. *1983, 42 U.S.C. *1988 and California state law. Jurisdiction is based upon 28 U.S.C. 1331, 28 U.S.C. 1343 (1-4). The UNITED STATES CONSTITUTION; Supplemental Jurisdiction exist over the CALIFORNIA STATE CLAIMS; and defendants pursuant to 28 U.S.C. 1367.

### PAGE TWO

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 2

# PARTIES

## Plaintiff

2. Plaintiff CARREA CHRISTOPHER ("Carrea") was a resident and private citizen of the State of California at all times material to this Complaint.

## Defendants

3. Plaintiff is informed, believes, and thereupon alleges that Defendants, RIVERSIDE COUNTY, RIVERSIDE COUNTY SHERIFFF DEPARTMENT, RIVERSIDE COUNTY SHERIFF, CHAD BIANCO, RIVERSIDE COUNTY CORONER DEPARTMENT, RIVERSIDE COUNTY CORONER, CITY OF HEMET; CITY OF HEMET, POLICE DEPT. HEMET POLICE CHIEF, MICHAEL ARELLANO; ABEL RIOS,

,are duly constituted governmental entities in the State of California, and is or was, the employer of all individually named Defendants including, but not limited to those who are sued in their individual and official capacities, as well as one, or all, of Defendants DOES 1 through 10.

1. The identities, capacities, and/or or nature of involvement of Defendant DOES 1 through 10 ("Doe defendants") are presently unknown to plaintiffs therefore sue such persons using "does" as factiously-named defendants. Plaintiff is informed, believes, and thereupon alleges that there is likely to be EVIDENTIARY SUPPORT TO PROVE

# PAGE THREE

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 3

2. THAT EACH DOE DEFENDANT WAS INVOLVED IN SOME MANNER AND LEGALLY RESPONSIBLE FOR THE ACTS, OMMISSIONS, AND/OR BREACHES OF DUTIES ALLEGED. PLAINTIFF WILL AMEND THE COMPLAINT TO NAME THE DOE DEFENDANTS UPON LEARNING THEIR TRUE IDENTITIES AND ROLES IN THE ACTION COMPLAINED OF HEREIN.

3. PLAINTIFF IS INFORMED, BELIEVES, AND THEREUPON ALLEGES THAT ALL DEFENDANTS EMPLOYED BY DEFENDANT, RIVERSIDE COUNTY AND THE CITY OF HEMET , WERE, AT ALL TIMES RELEVANT AND MATERIAL TO THIS COMPLAINT, ACTING WITHIN THE COURSE AND SCOPE OF THEIR EMPLOYMENT DUTIES FOR DEFENDANTS, , THEREUPON ALLEGES THAT ALL DEFENDANTS EMPLOYED BY DEFENDANT, RIVERSIDE COUNTY AND THE CITY OF HEMET AND UNDER COLOR OF LAW. PLAINTIFF IS INFORMED, BELIEVES, AND THEREUPON ALLEGES THAT EACH OF THE INDIVIDUAL DEFENDANTS' ACTS WERE KNOWN TO, DISCOVERED BY, APPROVED BY, AND OR RATIFIED AND DEFENDED BY DEFENDANTS' EMPLOYED BY DEFENDANT, RIVERSIDE COUNTY AND THE CITY OF HEMET , BY AND THROUGH THEIR POLICY MAKERS, DECISION MAKERS, OFFICIALS, OFFICERS, AND/OR SUPERVISORS, **PAGE FOUR**

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 4

LT'S, SERGEANTS, AND APPLICABLE DOE DEFENDANTS. THE ABOVE ARE TO OVERSEE OTHERS ASWELL AS THEMSELVES IN THEIR DAILY TASKS, AND ARE EXPEXTED TO SET A STANDARD FOR LOWER-RANKED EMPLOYEES TO LIVE UP TO, AT ALL TIMES RELEVANT AND MATERIAL TO THIS COMPLAINT, WERE ACTING WITHIN THE COURSE AND SCOPE OF THEIR EMPLOYMENT.

6. Plaintiff is informed, believes, and thereupon alleges that officials, supervisors, policy makers, and other Individuals with the authority to set or modify Municipal, state and/or departmental policy, *de jure* or *De facto,* of COUNTY and CITY departments and/or Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all defendants and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiffs complain herein.

7. Plaintiff is informed, believes, and thereupon alleges That at all times herein mentioned, each of the Defendants—including officials, supervisors, lt., Sergeants, CORONERS and other policy makers from THE COUNTY OF RIVERSIDE AND OR THE CITY OF HEMET , and Their agents—was the agent, employee, or Co-conspirator of one other, some, or all of their

**PAGE FIVE**

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 5

Co-Defendants. Plaintiffs is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan OF NO PLAN. breach of duty, negligence, failure to prevent, withheld info, and due process of the law, among others described herein. Each and all of the things done by each Defendants against Plaintiff's, as mentioned in this entire Complaint, were done partially if not entirely, to the Plaintiff's. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a *de facto* policy and within the scope of such Government entity, Government agency, Government personnel, such agency, employment, and conspiracy and with full permission, allowed to go right back to DUCKING AND DODGING THEIR DUTIES. IN RACIAL ANIMUS ,FOURTEENTH AMENDMENT AND FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, with full knowledge, approval, ratification, and support of each other

**8a.** IF DISCRIMINATORY INTENT PLAYS ANY ROLE IN A DEFENDANTS DECISION WITH A PLAINTIFF, EVEN IF IT IS MERLY ONE FACTOR AND NOT THE SOLE CAUSE OF THE DECISION, THEN THAT PLAINTIFF HAS NOT ENJOYED THE SAME RIGHTS AS A WHITE

**PAGE SIX**

CITIZEN, THIS WE CONCLUDE, IS THE
NATURAL READING OF 1981, 1983
  b. THEREFORE, UNLIKE THE ADEA OR TITLE
VII'S RETALIATION PROVISION, 1981'S TEXT
PERMITS AN EXCEPTION TO THE DEFAULT
BUT-FOR CAUSATION STANDARD BY VIRTUE
OF "AN INDICATION TO THE CONTRARY IN
THE STATUTE ITSELF." *NASSAR, 570* U.S. AT
347.
  c.  HAVING DETERMINED THAT A PLAINTIFF
IN A 1981 ACTION NEED ONLY PROVE THAT
DISCRIMINATORY INTENT WAS A FACTOR
INN AND NOT NECESSARILY THE BUT-FOR
CAUSE OF A DEFENDANT.
d. In this case both Plaintiff' CARREA
CHRISTOPHER AN AFRO AMERICAN IS IN AN
PROTECTED CLASS, were inflicted with harm due
to their race and since it happened the defendants
pasture is so what, in one of the most serious section
of Civil Rights of this Nation the Court has more than
an obligation to PREVENT.,

## FACTS COMMONM TO ALL CLAIMS FOR RELIEF
### JANUARY 20 and 21, 2023

**9.**    On or about  01/23,24/2023    HEMET,
California, ALTHOUGH THERE WERE
NUMEROUS CALLS TO THE POLICE
DEPARTMENT THAT NELLIE RIOS HAD
THREATEN TO KILL HER SELF THE HEMET
### PAGE SEVEN

POLICE DEPARTMENT OF HEMET
AND OTHERS; RESPONSIBLE FOR THE WELL
BEING OF NELLIE RIOS, ALTHOUGH
INFORMED THERE WAS WEAPONS IN THE
HOME, PERFORMED AN HALF HEARTED
SEARCH OF THE WEAPONS. GOT A FEW
WEAPONS AND LEFT THE REST. SOON THERE
AFTER THERE WAS OTHER CALLS AS TO
PEOPLE CONCERN ABOUT WHY WEAPONS
WERE STILL IN THE HOME AND NELLIE  WAS
GOING TO KILL HER SELF AND WHY DIDN'T
THE POLICE DEPARTMENT TAKE ALL THE
WEAPONS WHEN THEY FIRST WENT THERE.
HOW COULD THE DEFENDANTS MISS A GUN
IN THEIR SEARCH Due TO THE FACT POLICE
DEPARTMENTS IN CALIFORNIA GO IN HOMES
AND FIND A NEEDLE THIMBLE WITH DRUGS
IN THEM NO BIGGER THEN A DIME. The
Defendants, placed NELLIE RIOS, in a position to be
harmed and/or killed BUT THE POLICE DEPT OF
HEMET , Ignored all protection and  necessary
ATTENTIVENESS AND RISK AVOIDANCE, DUE
TO THE FACT NELLIE WAS AFRO AMERICA.
The vigilance and prudence that was missing due to
the racial animus threw all carefulness and vigilance
out the window. Nellie Rios was shoot a little while
later and killed. It was stated Abel Rios her husband
was apart of the local law enforcement. The
Defendant. Abel Rios, after taking all of the money
**PAGE EIGHT**

Nellie Rios , had and spent it on his girl friend.
THE HEMET POLICE DEPARTMENT showed
back up after numerous calls. The police department
with guns drawn startled Nellie to the point she shoots
herself. Immediately the City of Hemet police
Department refused all info from her family. Not only
did the City of Hemet Police Department begin to
cover things from Nellie's family but the Riverside
County Coroner Office, with the Riverside County
Sheriff Department also covered things from the
family for more then seven months. The wait delayed
the actions.

10. The Defendants of this case have a long history OF
refusing to place checks and balances. The Defendants
position is so what to AN AFRO AMERICAN HARM
AND DEATH. The Defendants show preferential
treatment for other race in riverside county. The
Defendants in supervisorial position and policy
makers defend racial animus in their history and
especially in this case and the actions of this case.

11. The Defendants of this case showed a deliberate
indifference of Nellie rios and the Plaintiff of this
case. The Defendants set in place different levels of
concern for afro Americans due to their custom and
history of the failure to Prevent serious harm and grim
sever action to and against afro Americans. The
actions of this case could have been prevented if the
**PAGE NINE**

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 9

Act or Procedure set in place historically of racial animus the Defendants would have at least searched as much as they do looking for a weed joint. The Defendants Know of the grim danger and the failure to properly search a home of an individual threatening to kill themselves. The Defendants, did'nt use these measures, processes and Methods they use on those that are not afro americans. The Defendants however has failed to follow up on these procedures to insure they are in place. The fact that horror happens as in this case, when procedures especially in a situation of the threat of death setting and situations. Those situations are due to higher levels of harm, should not present a failure to moniter, is ludicrous and outrageous. The Defendants were told of a serious threat of suicide by close friends  due to the threats of her husband, Able Rios, to take her children from her due to his relationship with another woman. The fact that supervisors reports of their procedures is the trusted report of their procedures is preposterous. The fact seldom the higher level defendants in this case are held accountable supervision are nonsensical. The fact lower levels of the defendants are told don't say anything to them. These acs are deliberate indifference of both Nellie rios and the plaintiffs of this case, her real family. It is hard to feather the fact the Defendants are not governed of by separate accountable entities. The Defendants governing them selves is like jessi james watching frank james.

**PAGE TEN**

THE FACT THE DAY BEFORE NELLIE RIOS
ACTION WERE INFORMED OF TO THE
DEFENDANTS AND THEY FAILED TO ACT IS
REASON FOR THE DEATH OF NELLIE RIOS
AND THE FAILURE THAT COULD HAPPEN TO
ANYONE ELSE FAMILY MEMBERS WAS NOT
observed, scrutinized and examined by higher
supervised officers is the failure of those above them
that set in place policies. It also must, be noted, a
policy not enforced to protect is deliberate
indifference of THE PLAINTIFF AND families.

12. In this case, A grave, sever and   critical danger,
COULD HAVE BEEN PREVENTED. ALL HIGHER
LEVELS OF THIS CASE should have prevented; In
this case the complexity and difficulty unimaginable
and   unconceivable happened due to   deliberate
indiffence that has happened so long the defendants
now feel comfortable in deliberate indifrence.The
Plaintiff,Carrea   Christopher,   AND   NELLIE
CHRISTOPHER   was   placed   in   DELIBRATE
INDIFRENCE More then anyone should have ever
been placed.   Staff protect their abusive colleagues by
failing to investigate claims or respond meaningfully,
and by retaliating against those who report abuse.

13.   People have no way to safely report misconduct.
Survivors must frequently report to the same staff
members who abused them or who allowed the abuse

**PAGE ELEVEN**

to occur. When survivors report abuse to staff, their experiences are often not kept confidential. When survivors attempt to use the "confidential" mail system, they must do so in full view of staff and other's. As a result, survivors frequently face immediate retaliation. This pervasive retaliation deters many survivors from reporting their abuse. This dangerous state of affairs has continued, unabated, across multiple decades and multiple administrations. In recent years, the State of California prison system has been so severe that the facilities of California has became the center of a sprawling criminal entity. Investigation, multiple Congressional inquiries, and national media attention. The United States District Courts have Subcommittee on Investigations devoted multiple hearings to addressing its causes and impact, but the defendants have continued the abuse in "horrific". The Defendant's of this case as half hearted and a rubber stamp as all their investigation show defendants practices as "seriously flawed," and concluding that the defendants of this case management failures enabled continued abuse of citizens of color.

14. State Of California law enforcement agencies and employees and even prisons have all been found unconstitutional although agencies have alleged they were above ground.

# PAGE TWELVE

At the federal prisons investigation have started for federal prisons ,including former Warden Ray Garcia and a former chaplain—have been charged with sexual misconduct for incidents spanning from 2019 into 2021, with more charges likely forthcoming. See United States v. Garcia, No. 4:21-cr-00429-YGR (N.D. Cal.) (sentenced to 70 months in prison and 15 years of supervised released following jury trial); United States v. Highhouse, No. 4:22-cr-00016-HGS (N.D. Cal.) (sentenced to 84 months in federal prison and 5 months of supervised release following guilty plea); United States v. Chavez, No. 4:22-cr-00104-YGR-1 (N.D. Cal.) (sentenced to 20 months in federal prison and 10 years of supervised release following guilty plea); United States v. Klinger, No. 21-MJ-71085-MAG (N.D. Cal.) (awaiting sentencing following guilty plea); United States v. Bellhouse, No. 4:22-cr-00066- YGR (N.D. Cal.) (found guilty following jury trial; awaiting sentencing); United States v. Smith, No. 4:23-cr-00110-YGR-1 (charges pending); United States v. Nunley, No. 4:23-cr-00213-HSG (N.D. Cal.) (awaiting sentencing following guilty plea for 4 counts of sexual abuse of a ward, 5 counts of abusive sexual contact, and 1 count of false statements to a government agency).

## PAGE THIRTEEN

15.   Despite their awareness of these long-standing problems, Defendants have failed to take critically needed action, including failing to: (1) adequately, hire, train and supervise employees to prevent their ongoing misconduct and abuse of power; (2) implement a confidential and reliably available method for individuals to report abuse to fully independent outside authorities who are not employed by the RIVERSIDE COUNTY OR RIVERSIDE CITY (3) properly investigate claims of abuse; (4) cease the policy and practice of placing INDIVIDUALS who report abuse into quiet confinement; (5) address rampant retaliation against survivors, including but not limited to  which harm survivors and deter others from reporting; (6) ensure that officers who have substantiated claims of not following public guild lines and ARRANGEMENTS and harassment against those who report in which officers are promptly fired and not permitted to return to law enforcement employment; (7) provide constitutionally adequate medical and mental health care to survivors of  abuse; (8) provide timely and consistent access to confidential legal reports ; (9) provide survivors with documentation of reports of staff misconduct and assist in the investigation of staff abuse; (10) create a process to assist survivors of abuse with compassionate release petitions; (11) install fixed time restraints on reporting periods.

## PAGE FOURTEEN

IN THIS CASE THE COARONERS OFFICE TOOK OVER SIX MONTHS TO SEND THE PLAINTIFF HIS OWN DAUGHTERS REPORT WHICH HE WAS ASKED TO PAY THREE MONTHS AHEAD OF TIME THAT LISTED EVERYTHING THE COARNERS OFFICE KNEW SIX MONTHS PRIOR.

THIS SHOULD NOT BE. IT IS A TEXT BOOK DEFINITION OF DELIBRATE INDIFFRENCE.

This is abusive gratification for the purpose of humiliating, degrading, and demeaning the Plaintiff CARREA CHRISTOPHER WHO WAS ALREADY IN PAIN.

## JURISDICTION AND VENUE

**16.** An actual present and justifiable controversy exists between the parties within the meaning of 28 u.s.c 2201(a).

**17.** This action involves claims arising under the United States Constitution. The Court has jurisdiction over the action to 28 U.S.C. 1331 and 1332, 42 U.S.C.A. 1981; 42 U.S.C.A. 1983, 1988 and authority to issue a declaratory judgment pursuant to 28 U.S.C 2201 and 2202.

## PAGE FIFTEEN

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 15

**18.** Venue is proper in this district under U.S.C. 552(a)(4)

(B) and 28 U.S.C. 1391(c) because at least one or more defendants resides in this district and a substantial part of the events or ommissions giving rise to the claims occurred in this district. This Court can also hear state claims.

## FACTUAL ALLEGATIONS

**19.** Federal Law Requires THE COUNTY OF RIVERSIDE AND THE CITY OF RIVERSIDE to Take Action to Prevent and Appropriately Respond to Misconduct. Staff abuse of people constitutes a form of torture that violates the Eighth Amendment. See Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). Such abuse contact also violates federal criminal law and state of California criminal law. See, e.g., 18 U.S.C. §§ 2243, 2244. 46. .These regulations were immediately binding on defendants. Federal and State law has a "zero-tolerance policy for abuse and harassment"; prevention, reporting, detection, and response to such behavior. The right to be free from .retaliation for reporting abuse and harassment. If you something say something policy should not be frown on especially by a FEDERAL COURT.

Investigators must be specially trained in abuse investigations and must "gather and preserve

## PAGE SIXTEEN

direct and circumstantial evidence," including interviewing "alleged victims, suspected perpetrators, and witnesses" and "shall review prior complaints and reports of abuse involving the suspected perpetrator. NELLIE RIOS AND OTHERS HAD REPORTED ABUSE BY ABLE RIOS but riverside ignored the reports. The Defendants failed in all areas and has failed in all areas. The agency is prohibited from determining an alleged victim's credibility based on their "status as inmate or staff." Investigations are further required to "include an effort to determine whether staff actions or failures to act contributed to the abuse. "The departure of the alleged abuser or victim.

## DEFENDANTS IN VIOLATION OF STATE OF CALIFORNIA CIVIL CODES SUCH AS CALIFORNIA CIVIL CODE 52.1

20.     PLAINTIFF'S incorporates all preceding paragraphs, as fully set forth herein, defendants violated Mr. Carrea Christopher clearly established rights under the UNITED STATES AND CALIFORNIA CONSTITUTIONS, as well as state and federal law, which include, but are not limited to parental rights:

(i)     California Constitution, article 1:
        **PAGE SEVENTEEN**

SECTION 1. All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

(ii)     Section 1 of Article III of the current State Constitution provides that California "is an inseparable part of the United States of America." The

(iii)    State Constitution provides that the U.S. Constitution is the supreme law of the land. U.S. Constitution Does Not Provide for Secession.

21. **FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION:**No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

### PAGE EIGHTEEN

## VIOLATIONS OF CIVIL RIGHTS (42 USCA 1981; 42 USCA 1983; 42 USCA 1988 CONSPIRACY TO VIOLATE CIVIL RIGHTS BY PLAINTIFF'S

26. Plaintiff's incorporates all paragraphs, as though fully set forth herein.

27. This cause of action arises under 42 U.S.C.A 1981; 42 U.S.C.A. 1983; 42 U.S.C.A. 1988; AND CALIFORNIA CONSTITUTION SECTION 17 , wherein Plaintiff's seeks to Redress deprivation's under color of law of rights, privileges or immunity secured by them by the First, Fifth, Eighth and Fourteenth amendment to the UNITED STATES CONSTITUTION AND THE STATE OF CALIFORNIA CONSTITUTION.

28. Defendants, each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other to violate Carrea Christopher  civil rights afforded under the United States and California Constitution and laws. Carrea will be wounded for the rest of HIS life and family, by the acts of the ones that has the most responsibilities to protect

### PAGE NINETEEN

these rights, were also in Breach Of Duty and Negligience and the causation and damages. In the jurisdiction of California, a wrongful death case can be made, by the negligence of the Defendants, for one they did an half hearted search for weapons, displayed by the fact they so many in the home of one that threaten to kill themselves,by the breach of duty of Defendants, for one they did an half hearted search for weapons, displayed by the fact they so many in the home of one that threaten to kill themselves, and the defendants were the causation and the damages of this case. The Defendants, acted irresponsibly and failed to act at all leading to the fatal consequences of this case.

29. The United States Constitution provides a parent and child relationship is Constitutional, the clause The right to life that is inherent by nature in every individual.

## VIOLATION OF CIVIL RIGHTS
## (42 U.S.C 1983; 42 USCA 1981)
### (CALIFORNIA CONSTITUTION SECTION 17)
### UNCONSTITUTIONAL POLICY, CUSTOM, OR PROCEDURE
### (MONELL) BY AND OF PLAINTIFF'S AGAINST DEFENDANT'S

**30.** Plaintiff's incorporates all paragraphs, as though fully set forth herein.

## PAGE TWENTY

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 20

**31.** This cause of action arises under 42 USCA 1981; 42
USCA 1983, UNITED STATES CONSTITUTION
AND STATE OF CALIF. CONSTITUTION
WHEREIN Plaintiff's seek to redress a deprivation
under color of law of a right, privilege, or immunity
secured to them by the First, Fifth, Fourteenth
Amendments OF THE UNITED STATES
CONSTITUTION, and the state of California
Constitution Sec. 17, Breach of Duty and Negligence.

**32.** The Defendants, all violated Carrea Christopher ,
Constitutional rights as alleged by creating and
maintaining the following unconstitutional customs
and practices, *inter alia.*

    **(i)** Carrea Christopher, alleges the defendants has
a *de facto* policy, customs, and/or practices of
allowing staff to focus more on arrest then protection.
If it was a drug search the defendants would have went
through the home with a fine tooth comb. The fact it
was to protect the daughter of Carrea
Christopher,(Nellie Rios) it was a five minute stunt
then they left  after all it was'nt looking for a joint,
after all it wouldnt be no problems to fabricate a story
that they did a complete search despite leaving
weapons in the home of an individual that her friends
stated she wanted to kill herself

## PAGE TWENTY ONE

THE DEFENDANTS, HAVE A

policy, custom or practice of failing to discipline, failing to investigate, and of retaining info.

**THE PLAINTIFF'S** request all video, photo's, phone calls recorded and reports be kept. The defendants fail in retaining personnel info of violation of inmates constitutional rights. The Defendants fail to remove officers who display racial animus.

**33.** .    The Plaintiff's is informed and believes and alleges that the Defendants, has a *de facto* policy or custom, that caused and were the moving force and/or affirmative link behind some or all of the violations of the Christopher's Constitutional rights at issue in this case.

**34.** The Plaintiff's is informed and believes and thereupon alleges that the Defendants, has a *de facto* policy or custom, that are intentional and/or the results of deliberate indifference on the part of the defendants by and through its decision makers.

**35.** The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Carrea Christopher.

**36.** Carrea Christopher's specifically alleges that the defendants policies, customs, and/or practices, as described herein, were within the control of Defendants and feasibility of Defendants, to alter,

**PAGE TWENTY TWO**

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 22

adjust and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Carrea Christopher.

**37.** **IF** the defendants had proper training and a zero tolerance for the action of staff and those above them the acts of this complaint would have never happened. In fact decades and decades, there has been high tolerance, lenience and acceptance for the acts of this complaint. In fact the acts of this complaint by the Defendants are their policies, customs and/or practices.

## VIOLATION OF CALIFORNIA CIVIL CODE 52:1

**38.** Plaintiff's incorporates all preceding paragraphs, as though fully set forth herein.

**39.** Defendants violated Carrea Christopher, clearly established rights under the United States and California Constitution, as well state and federal law, which include, but are not limited to, the following:
(i) Fourteenth amendment to the United States Constitution(violated by the defendants)
(ii) California Constitution, Article 1:
(iii) California Constitution, Article 1:
Sec. 1 right to happiness and privacy(violated by The defendants)Sec. 7 right to due process(violated by defendants)     Defendants violated the Christopher's clearly established rights under the United States and California law .

### PAGE TWENTY THREE

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 23

**40.** The Defendants is liable to the Christopher's for their acts and the acts of its public employees, the individual defendants herein, for conduct and/or ommissions herein alleged pursuant to the doctrine of respondeat Superior, codified at California government code 815.2. **IT MUST MUST BE NOTED, THE PLAINTIFF CANNOT SLEEP GOOD AND CANT'T GET THE ACTS OF THIS CASE OUT OF THEIR HEAD AND MINDS, OTHER FAMILY MEMBERS ASWELL.**

## NATURE OF ALL DEFENDANTS ACTION

**41.** Defendants acted maliciously and oppressively in violating the CHRISTOPHER'S clearly established rights under the United States and California.

**42.** As a result of Defendants unlawful conduct as alleged herein, the Christopher's has suffered, and will continue to suffer, the above and below stated damages in an amount according to proof including the cost to remedy the unlawful conduct.

## PRAYER FOR RELIEF

**43. WHEREFORE,** PAUL CHRISTOPHER AND CARREA CHRISTOPHER; prays for the following relief from Defendants and each of them, for each Defendant, and for each of them, for each of the above causes of action;

(i) For compensatory damages including general and special damages according to proof.

## PAGE TWENTY FOUR

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 24

(ii) For punitive damages pursuant to 42 U.S.C
*1983 ;42 U.S.C. 1981; 42 U.S.C. 1988 and California
Civil Code 3294 and 52.1, and any other applicable
laws or statutes, in an amount sufficient to deter and
make an example of each.

(iii)  for statutory damages according to proof

(iv)  for prejudgment interest according to proof.

(v)   for such further relief which is just and proper.

**DATED: MARCH 4, 2024**

**RESPECTFULLY SUBMITTED,**

**BY:**_____

**CARREA CHRISTOPHER**

**PAGE TWENTY FIVE**

AMENDED COMPLAINT FOR DAMAGES(2:23-CV-01525-JDP) - 25

U.S. POSTAGE PAID
FCM LG ENV
SAN DIEGO, CA 92101
MAR 06, 2024
$4.03
R2305E124529-77

Retail

UNITED STATES POSTAL SERVICE.

92501

RDC 99



RECEIVED
MAR - 8 2024
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

C. CHASIOTIER
P.O. BOX 741272
SAN DIEGO, CALIF.
92174

TO: UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CLERK OF THE COURT
3470 12TH STREET
RIVERSIDE, CALIFORNIA
92501

